Chamberlain Group versus One World Technologies 182112, Mr. Draxler. May it please the court. This argument is a little bit simpler, just a straight question about applying the actual explicit language in a claim. No interpret, no experts on what disclosures are, no incorporations, claim construction. We say it is the ordinary meaning, I always have said that it's the and it's what we call limitation three or step three of the claim, which says identifying the activities to be completed by the user. Activities in the plural. When this started, petitioner proposed a construction that said, well you have to identify which of the activities. That is a word activities in it, but that's not identifying a plural. Which of the activities covers singular? And so we came back and we said, well that is not a proper reading of the claim. It requires identifying plural activities, not identifying one activity. Well you did argue that, but you didn't argue the responsive to point. Responsive to is an additional, but there are, we have two bases for this, so and it's consistent throughout. Our ultimate construction that you have to, in step three, identify plural activities is the construction, so to speak, the the scope of the claims that we've always sought. The responsive to is additional intrinsic evidence to support that, and so we've always been consistent in saying that it has to be an identification in step three. So what you're saying is that even if we were to find the responsive to argument is waived, that the multiple activities argument was made and that that in itself is sufficient? Yes, correct, and that's applicable to all the claims. So the responsive to is claims 18 through 20, and the order of the requirement that you identify all the steps before you execute them or instruct on them is true for all of the claims. And so that, even outside of the responsive to, is in the claim language of the claims, because it has to be done all at once. It could be done as part of different cycles. It doesn't have to be done all at once, but it can't be done as part of different cycles, and here's why. If you look at the last step, it says that it talks about the first and second identifying steps. Well, that's the problem, that you need to rely on the responsive to language to get where you want to go, because without the responsive to language, it doesn't seem to me that you can construe this as forbidding it happening in different cycles. I don't think the term responsive to, though, it's not the term responsive, it could be subsequent to. Really, without the responsive to, what the claim requires, if you take responsive to out of there, it still has to be subsequent to. The term subsequent to doesn't have to be in there, but the reference to the second and third steps is referencing steps that are already completed, and we cite multiple cases on order of steps. Several of them talk about performing multiple actions in an earlier step, and then performing other actions in a later step. All of those construed the claim to require that the multiple actions and be performed first before, and one of them that I think is particularly relevant is Apple versus Samsung, because it uses the reasoning, absent the word responsive to, that we want here. In Apple versus Samsung, the claim says responsive to the first and second identifying steps. It doesn't say responsive to the first, first responsive to the first, and then second responsive to the second step. That would create the type of timing or temporal limitation that you're seeking, but that's not what the claim says. No, we're not, we don't care about the timing within, either between identifying the activities or between identifying the status of the barrier. We don't care about the timing of how things are identified vis-a-vis identifying other things. You could identify over a course of time. We're not worried about the timing of instructing one step versus the other. That's where the board got off track, is worrying about this other timing. The only timing we're worried about is the timing of instructing to the timing of identifying the steps, and that is required because it's responsive. I'll take out responsive. The last step refers to the second identifying step, and so it has to occur after the second identifying step has occurred because of that antecedent reference, and that's where Apple versus Samsung comes in, which is the Motorola 556 patent in there. There were a lot of patents, so I'll direct the court to the 556 patent, and there the patent said forming an outer code, forming an inner code, and then multiplying the outer code by the inner code, and the court said because of that language you have to fully form both codes. The two precedent codes had to be fully formed before you could multiply them, and there was a finding that technologically you could actually multiply them before they were fully formed, but the court said that didn't matter because the claim required a reference back. The multiplying step was a reference back to the codes that were created in the prior steps, and so similarly here the identifying or the transmitting guidance step, the fourth step of this claim, refers back to the second and third step, just like the Apple versus Samsung referred back to the first code, or I'm sorry, the outer code and the inner code. So just like there the codes had to be fully formed, here the steps have to be fully completed. You can't perform half of an identification step, step three, then go and perform step half of step four, and then go back and perform the second one because step four refers to the third step in an antecedent way, and that third step requires a plurality. I'd like to push back a little bit on the waiver point. The way this dispute was formed is it started with the petitioner saying, well you have to identify which of the steps to do, which covers singular, and so we came back and I can tell you that at A101 they pointed to 104, which limit should be set. Lipov, their expert, also referred in the singular at A388, his declaration that went along with their petition. He was talking in the singular, Schindler establishes which limit setting activity, that's singular, a user should perform based on whether the door last traveled up or last traveled down, and at 420, Mr. Lipov, again their expert, a user must perform the activity, singular, of setting the down limit position, and so their petition was focused on singular. We came back in our response and said, well there isn't singular in the prior art, the claims require plural, and so singular in the prior art doesn't cut it. That's when they then went to this two loop theory, and they started using the phrase that there are multiple steps in Schindler during the program mode, and you see that throughout their reply and throughout Lipov's second declaration. They've shifted now their theory to, well okay, we'll move away from singular, we'll admit that it's multiple, but our position is that it's multiple during the program mode. So once you get into programming, it doesn't matter how you loop, you can do it whenever, and they don't argue to this court, really the claim, the ordinary language, they jump right to the flowchart that's in our patent, which is figure six, and I'd refer the court to gray brief at six, page six of the gray brief, where we line that up with the claim language to show that this theory of during the program mode, meaning you can have multiple partial loops, instead of performing the claim fully from top to bottom, you can perform half of a step and half of another step, and then go back up and perform half of one step and half of another. If you look, this flowchart has determining user steps, and that's box 253 near the top, multiple steps, so the flowchart is doing the determination, which is also identifying the spec, also where it discusses this, it says the controller 208 determines the user activities or steps needed during the learn process, so activities and steps are synonyms, this flowchart is determining those steps right up top, no looping, it determines multiple steps, then it checks the status, that's the other determining step, and then those last, well not last three blocks, but the next three blocks with the loop, that's the instruction part of the flowchart, so yes, you can then instruct, wait for the user to push the button or whatever, and then more actions is meaning, do you instruct on more actions in that flowchart, so you've already, at the beginning, you've identified multiple activities, you don't loop back up, you don't identify one activity, and then instruct on one activity, and then go all the way back up, identify one more activity, instruct on one more activity, that's what the prior art does, it's not what our invention does, our invention identifies multiple activities, and then it loops and instructs on those activities, and the box in the flowchart says determine user steps in the plural, consistent with what our claims are, and really the only construction that our opponent has to get around the ordinary meaning and the Apple versus Motorola holding is to say, well, this figure six shows something, and it doesn't, the figure six does show identifying multiple activities right at the top, and then instructing, or providing instructions on those activities, just as the claim says, I'll reserve the time. Okay, thank you. Mr. White? Yes, good morning again, Your Honors, and may it please the Court. Chamberlain's arguments on appeal are based on a purported claim construction dispute about timing that it did not raise before the Board. Chamberlain presents two different arguments about the ordering of the steps in the claim. They present the first argument based on the response of two language, but I think realizing that that may be trouble for them, they present the second argument, they try to shoehorn it in under the guise of the second identifying step in their patent order response. The only claim construction issue that they raised was whether the claims require identification of multiple actions, not when the identification of the actions have to occur. So you heard them, they viewed our petition as being improper in saying you identify setting the down limit, up limit second, that identifies multiple actions, that's what the claim requires. They said no, no, no, you're talking about identifying single things at a time, the claim requires identifying multiple things. Where in the patent order response do they address this issue? Where they address? The issue we're talking about, not the oral argument, but the patent order response. I don't believe that they address the issue of the order of the steps. No, no, they did argue in the response that it requires multiple activities. Oh, identifying them, sure, let me find that. So the first spot, I believe, the claim construction issue is on Appendix Site 1197. We found 1197, and then at the bottom of that page in the claim construction section, the subheading is A, identifying by the control of the activities, and then on page 4, which is Appendix Site 1198, they go through and they talk about a single activity versus activities. You can read that page and you won't see anything about the timing, which is the issue that they've raised now. And I think the other important point to make while you're looking at is the board agreed with them on this issue about whether or not you have to identify a single activity or multiple activities, and we don't really dispute that, the board sided with them on this issue, heard them out and said yes, the claim requires identifying multiple activities. What the board disagreed with them on is that you have to do that simultaneously or in any certain order. As long as you identify multiple activities and provide signals giving guidance to the user of those activities, the claim is invalidated, and that's exactly what the prior art does. The prior art indisputably identifies setting a down limit, providing signals about that, and setting an up limit and providing signals about that. It's indisputed that that happens. The issue that they've got is they say there's a dispute about whether or not you have to identify both of the things simultaneously at the start of the process. Now we think that's the wrong construction, and that's why there's substantial evidence to support the board's finding. But if we get back to the waiver argument, as I said, the only argument that they made about claim construction below was about whether there was a single activity or multiple activities, and the board sided with them on that. The first time they made its timing argument that you're hearing now about the second identifying step was in this appeal. As you noted, the responsive to argument first came up at the hearing, the oral hearing at the PTAB before the board found that that argument was waived in the final written decision. They asked about whether or not it was in the briefs, asked why, and they found that argument to be waived. I think Chamberlain realizes that there's problems with that now, so now they've tried to shoehorn that same argument into this second identifying step, but that argument never came up at the board. That first appeared in the briefs here, which is obviously too late. So the board's determination that they forfeited the argument based on the responsive to language we think was well-founded, and we think it's proper to find that their argument about the second identifying step was forfeited because it was never raised below. Now they could have raised the issue after the issue came up with the oral argument. They could have taken action before that. They could have asked the board for additional briefing. They could have deposed One World's Witnesses. They could have done observations on that evidence, and they could have even asked for a rehearing after the final written decision. All those avenues were available to them to address this issue below if they wanted to. They didn't avail themselves of any of that. So this issue that they've been denied due process I think is simply wrong. The board's requirement that it follows its rules and procedures was proper, and we believe the court should follow its rules and procedures here and not let them raise a new issue on appeal. I want to point out that the reason why it's important for them to raise these issues in the board in the first instance is important because we identified statements in the Schindler prior art reference that actually show multiple activities are identified before any signaling occurs. So if for some reason that was not to be a requirement, it could have addressed that and still found in our favor, but it didn't. It never reached that argument because it wasn't raised below. But we absolutely made that argument. So again, if there's any concern this court has about whether the board got it wrong, it would have to be remanded for findings on that. But if they raised it below, it could have been addressed, but it wasn't. Another quick issue I want to point out before I move on is that remember that this proposed construction of responsive to language is only relevant to Claim 18. Claim 21 is a separate independent claim, and Claims 21 through 25 do not have this requirement. So regardless of the court's finding on Claim 18, it has to affirm the finding on patentability for Claims 21 through 25. I want to switch gears now and talk about that if you consider the merits of their argument, why they do not require reversal or remand to the board. These issues were addressed in the final written decision, and as the board found, there's nothing in either the responsive to limitation or the rest of the claim that requires activities to be identified together at the same time. So even though this issue wasn't raised below, I find it interesting that the board in the final written decision, this is appendix page 24, they said there was nothing in either the responsive to limitation of Claim 18, and this is the quote, or the rest of the claim that requires the activities to be performed together at the same time. So all you have to do is identify multiple activities, provide signaling about them, and that's enough to meet the claim limitation. That's what the board found the prior disclosed, that's why there's substantial evidence that supports the conclusion. I think one other issue to point out is Chamberlain's own expert agreed with this during his deposition. This is appendix site 1589 through 1590. This question and answer start at the bottom of 1589 on line 22 and they go to the top of 1590. So their expert Dr. Davis was asked during his deposition, so my question was, does Claim 18 require that multiple activities are identified by the controller before transmitting the guidance signals? So the argument that they're making now is that you have to identify multiple things before any transmitting occurs. You heard them say that's the only timing that they're concerned with. So that question was posed directly to their expert. His answer was, I don't think there's a time sequencing requirement, period. So their own expert does not support this new argument that we're hearing for the first time on appeal. I also think that figure six, which they talked about, doesn't support their construction. There's nothing in the specification, the figures anywhere, that supports requiring the sequence and the timing events as they presented it today. As I mentioned before, because we do think that there's evidence that if a timing is required, that it is shown in the prior reference, that at a minimum there should be a remand and not a finding in the appellant's favor here. So unless you have any additional questions, I would rest of my time back in this one as well. Okay, thank you, Mr. Wood. Great, thank you. So Mr. Dragset, where in the patent under response did you make the timing argument? We did not, and I'll explain why. They didn't have timing until their reply. So let's go to A101 to 105, which is their petition. This two loop idea, that's what brought in our timing response. The idea that you can go through it twice, do half of it the first time and do half of it the second time. That does not exist in their petition. And if you look at 101 to 105, I can take you through multiple places where what they are saying is, we identify one, so we meet the requirement of identifying which of the activities. One activity meets which of, so if you go to 101, the paragraph that comes over from the previous page, the concluding sentence for that, therefore, so they've done their analysis here. Actually let me back up really quick. Page 100, back up one page. The bold language that's four and three lines from the bottom. The controller, this is they're talking about establishes which of the predetermined activities a user must complete, one or the other. It's either this activity of push the button to have the door go up, that's one of the activities, one activity. The other one is push the button to have the door go down. So page 100, this is the right top of their written analysis of that limitation. Then you go to page 101, next paragraph, so it's the analysis and they say, therefore, Schindler discloses establishing which of the predetermined limit setting activities a user must complete. So their petition again is focusing, we did one, we did which of. Then I'll flip you to page 103, the last full paragraph before heading D. They're now summing up this analysis for that limitation. They say, in sum, Schindler discloses a microprocessor that establishes, based on the position of the door, which of the predetermined activities of setting the up or setting the down. So one activity is up, one is down, and the user pushes the up button. That's the only thing the user does for the one activity. So they're either picking that one activity or they're picking push the down button activity. So which one of those? That's singular. Next page, 104, the first full paragraph says, just like the 611 patent, Schindler teaches transmitting guidance signals to a device that provides indications, jump over the parenthetical, and that these signals are responsive to the first and second identifying steps, i.e., they indicate which activity, singular, the user must perform. Just to be sure, this is One World's reply brief, right? The petition. This is their petition. So this is what, we then file our patent owner response. That's our allowed brief. We file our patent owner response and we say, they keep talking about singular activities. They do it again on page 105. Over and over, they're talking about which of, so we come back and we engaged with what they argued. Then, if you switch over to their reply brief, then they start saying, well, there's multiple activities during the learn mode. You'll see this during the learn mode over and over in their reply. So they've shifted. Not saying, well, it's enough to identify one activity. That was their petition, which we responded to. Their reply says, during the learn mode, so we can do half and half. So they changed their argument. That's why our response didn't deal with that, and it's why we rejected to this, by the way. We found that that argument was not new, correct? I don't know exactly what they found. If they found, it's just wrong. If you look at these briefs, it's against what the briefing shows. They started with singular. We responded to the singular. Then they went to this. Well, you can do loops during the learn mode, and that's what we wanted to respond to. The one document that we filed that counsel didn't refer to is at A1759-62, and that's when we objected. If you look at our objection number three, we say Schindler's, the argument that we're objecting to of them is that Schindler's identification of multiple activities is the same as that described in the 611 patent. In other words, they had shifted and said, oh, well, you guys loop. We get to loop, and we said, that's a new argument. This looping argument is new, and we objected to that. There were certainly other things that we might have done. We might have asked for a SIR reply. Now, if you follow IPR procedure, you know that asking for a SIR reply two years ago was the equivalent of asking for an amendment two years ago. It was a unicorn. It's so I don't think there's a waiver, and I thank the court. Okay. Thank you both, counsel. The case is submitted.